O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-02161 (VEB)

LATRINA MILLER,

          Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

## I. INTRODUCTION

In July of 2012, Plaintiff Latrina Miller applied for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security[1] denied the applications.

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

DECISION AND ORDER – MILLER v COLVIN 2:16-CV-02161

Plaintiff, by and through her attorneys, Disability Advocates Group, Michelle J. Shvarts, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On December 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for DIB and SSI benefits on July 24, 2012, alleging disability beginning June 1, 2011. (T at 27).[2]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On July 10, 2014, a hearing was held before ALJ Robert A. Evans. (T at 44). Plaintiff appeared with her attorney and testified. (T at 47, 53-57).  The ALJ also received testimony from Dr. Jonas, a medical expert (T at 48-52), and Ms. Maron, a vocational expert. (T at 57-60).

On July 25, 2014, the ALJ issued a written decision denying the applications for benefits.  (T at 24-43).  The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

decision on January 21, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On March 30, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on August 16, 2016. (Docket No. 17). The parties filed a Joint Stipulation on December 15, 2016. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B.  **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2015 (the "date last insured"). (T at 30). The ALJ found that Plaintiff's asthma, seizure disorder, and substance/alcohol abuse (in reported remission) were "severe" impairments under the Act. (Tr. 30).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 30).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b), could lift/carry 10 pounds frequently and 20 pounds occasionally, and could sit/stand/walk for 6 hours in an 8-hour workday. (T at 33-34). The ALJ concluded that Plaintiff needed to avoid working around unprotected heights, dangerous machinery, ladders, ropes, scaffolds, vats of acid, and swimming pools. She could climb ramps and stairs occasionally, but needs to avoid concentrated exposure to extreme heat/humidity and to respiratory irritants. Her depth perception and peripheral vision are limited and she would need a 10-15 minute break every 2 hours due to pain. (T at 34).

The ALJ noted that Plaintiff had no past relevant work. (T at 38). Considering Plaintiff's age (34 years old on the alleged onset date), education (limited), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 38).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between June 1, 2011 (the alleged onset date) and July 25, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 38). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.   Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 21, at p. 4), Plaintiff offers two (2) main arguments in support of her contention that the Commissioner's decision should be reversed.  First, she challenges the ALJ's credibility determination.  Second, Plaintiff contends that the ALJ erred by failing to discuss the opinion of her treating mental health provider.  This Court will address both arguments in turn.

# IV. ANALYSIS

**A.   Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She experiences significant back pain and tries to "stay in one spot" throughout the day. (T at 53). She has difficulty staying awake. Knee and spine pain makes movement difficult. (T at 53). She attempts a daily walk. (T at 54). She lives with her adult daughter. (T at 54). She shops with her daughter, but avoids shopping alone for fear of a seizure. (T at 54). Her pain is constant, although Advil PM provides some relief. (T at 55). She leaves the home, accompanied, for visits with family and for medical appointments. (T at

55).  She can sit comfortably for less than an hour, but then needs to get up, walk around, and stretch. (T at 55-56).  She cannot stand for more than 15 minutes or walk for more than an hour. (T at 55).  She spends most of her day sitting or laying down. (T at 56).  She can lift 10 pounds. (T at 56).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 34).

For the reasons that follow, this Court finds the ALJ's decision must be reconsidered on remand.

The ALJ discounted Plaintiff's subjective testimony, finding that "the diagnostic examinations, clinical signs, and medical opinions [did] not support her alleged severe limitations." (T at 38).  There is some support in the record for the ALJ's conclusion.  An October 2012 examination of Plaintiff's neck was essentially normal. (T at 35, 437, 635-36).  Imaging of Plaintiff's back revealed no evidence of fracture or compression and only a possible small left foraminal disc protrusion and small disc bulges without significant stenosis. (T at 35, 347, 637-38).  Plaintiff was noted on examination to have good strength, intact sensation, normal reflexes, and negative straight leg raise testing bilaterally. (T at 37, 438-39).  X-rays of Plaintiff's

knees were negative for fracture or dislocation, with mild medical compartment joint space narrowing, but no sign of joint effusion. (T at 36, 345). Dr. Stephan Simonian conducted a psychiatric consultative examination in November of 2012 and concluded that Plaintiff's mental health issues imposed mild to no limitations with regard to her ability to perform basic work activities. (T at 465). Dr. Homayoun Saeid, a consultative examiner, concluded in October of 2012 that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. (T at 439).

However, notwithstanding the foregoing evidence, the ALJ's credibility assessment is still insufficient to withstand review. "The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence."); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

As such, the ALJ's citation of the lack of objective medical evidence cannot, without more, justify the decision to discount Plaintiff's credibility. The ALJ provided only one additional reason for this aspect of his decision – he concluded that Plaintiff's allegations "are also inconsistent in that she claimed to be able to sit for less than an hour before needing to get up, walk around, and stretch, and yet spent the day either lying down or sitting up." (T at 38). It is difficult to discern what, precisely, the ALJ found inconsistent about Plaintiff's testimony. The ALJ provides only this single sentence in support of his reasoning.

It appears the ALJ believed that Plaintiff testified that she was not able to sit for more than an hour at a time, but also testified that spent her entire day sitting or laying down. Thus, apparently, the ALJ found these statements inconsistent, because a person who could not sit for more than an hour would not be able to spend her entire day sitting or laying down. This is not a reasonable reading of Plaintiff's testimony. When asked to describe a "typical day," Plaintiff testified that she "usually" tried "to stay in one spot," because it was "kind of hard for me to move around a lot." (T at 53). She said that she tried to "take a walk once a day" around her apartment complex. (T at 54). When asked how long she could sit "comfortably," Plaintiff responded "Less than an hour," and explained that she would need to walk around and stretch, which provided some relief. (T at 54-55).

She testified that "[u]sually" if she is not laying in bed, she sits on the sofa. (T at 56).

This Court fails to find any inconsistency in this testimony. First, it must be noted that Plaintiff is asked to describe a "typical" day and discusses her "usual" routine. Second, she is forthright about the fact that her days involve some movement and change of position, albeit limited by pain in various parts of her body. It appears the ALJ interpreted some aspect of Plaintiff's testimony as suggesting that she spends literally every minute of every day sitting or laying down, and then found that claim inconsistent with her other testimony that she could not sit for prolonged periods without changing positions. For the reasons outlined above, this does not appear to be a fair reading of the evidence.

This Court acknowledges that it is fundamentally the ALJ's role to resolve conflicts in the evidence and to interpret ambiguities in the record. Indeed, if the ALJ had provided a rationale, rooted in the evidence, for finding Plaintiff's testimony inconsistent on a point material to the disability determination, this Court would be bound to defer to that rationale. But, in the absence of such a rationale, this Court finds the reasons cited by the ALJ insufficient to justify a decision to discount Plaintiff's credibility under the applicable legal standard.

The Commissioner defends the ALJ's decision, by arguing that Plaintiff's subjective complaints were also contradicted by her activities of daily living. However, while the ALJ discussed Plaintiff's activities generally in the context of his step two severity analysis (T at 31), the ALJ did not cite those activities when justifying his decision to discount Plaintiff's credibility. (T at 38). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

Accordingly, this Court finds the ALJ's credibility analysis insufficient under the applicable legal standard and concludes that a remand is required.

**B.    Failure to Consider Evidence**

Elizabeth Marsh, LCSW, Plaintiff's treating mental health provider, completed a progress note in February of 2014, in which she noted that Plaintiff was "unable to gain/sustain employment or attend school due to depression, low energy, low mood, problems with focus and concentration and significant health issues …." (T at 643).  The ALJ did not discuss Ms. Marsh's opinion.

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into

two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502.

Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.  The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.  For example, evidence from "other sources" is not sufficient to establish a medically determinable impairment. SSR 06-03p.

However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related to the individual's impairment." See SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons" before discounting an "other source" opinion. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ provided no reasons for discounting Ms. Marsh's opinion; he did not discuss it all.  This was error that should be remedied on remand.  The Commissioner contends that the ALJ's error was harmless because (a) Ms. Marsh is

not an acceptable medical source, (b) it is not clear whether the pertinent section of her progress note was setting forth her opinion, or merely reiterating Plaintiff's subjective complaints, and (c) even if it was an opinion, it was conclusory and unsupported by clinical findings or objective evidence. In the absence of any other error, this Court might be persuaded by these arguments. However, given that a remand is required for the reasons outlined above and in light of the treating relationship between Ms. Marsh and Plaintiff, this Court finds that the ALJ should address this progress note as part of his analysis on remand.

**C.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. There are outstanding issues that might be resolved. The ALJ needs to revisit the question of Plaintiff's credibility and consider whether, in fact, there are clear and convincing reasons for discounting her subjective complaints apart from the fact that they are

not fully corroborated by the objective medical evidence. In addition, the ALJ should explain what weight, if any, should be afforded to the progress note provided by Plaintiff's primary treating mental health provider.

However, notwithstanding these issues, it is not clear from the record that Plaintiff is disabled. The objective medical evidence does tend to support the ALJ's overall decision, including the diagnostic testing and the opinions of the consultative examiners and State Agency review consultants. As such, because there is doubt as to whether Plaintiff is disabled, a remand for further proceedings is the appropriate remedy. See Strauss v. Comm'r of Soc. Sec., 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 6th day of March, 2017.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE